[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15876

_____

D. C. Docket No. 05-01473-CV-CC-1

ESCOLASTICO DE LEON-GRANADOS,
RENE VILLATORO-DE LEON, et al.,

Plaintiffs-Appellees,

versus

ELLER AND SONS TREES, INC.,
JERRY ELLER,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 31, 2007)**

Before DUBINA, BLACK, Circuit Judges and RESTANI,* Judge.

BLACK, Circuit Judge:

---

* Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

This is an interlocutory appeal from the district court's grant of class certification. The Appellees, migrant workers, claim Eller & Sons Trees, Inc. (Eller & Sons) and Jerry Eller (collectively, the Appellants) violated their rights under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801-1872 (AWPA) and the Fair Labor Standards Act, 29 U.S.C. §§201-219 (FLSA), during their employment at Eller & Sons at various times from June 1999 through June 2005. On appeal, the Appellants contend the district court abused its discretion in certifying, under Fed. R. Civ. P. 23(b)(3), the Appellees' proposed class consisting of over 1,500 migrant workers admitted to the United States under the H-2B temporary foreign worker visa program to work at Eller & Sons, *see* 8 U.S.C. § 1101(a)(15)(H)(ii)(b), and sub-class consisting of those workers who pledged collateral with Eller & Sons' agents in order to obtain employment. We hold the district court did not abuse its discretion in certifying the Rule 23(b)(3) class and sub-class. Accordingly, we affirm the district court's certification order and remand for further proceedings.

## I. BACKGROUND

Eller & Sons is a small business in Franklin, Georgia, that provides reforestation and forestry services. Most of Eller & Sons' employees plant trees in the southern United States during December, January, and February. Employees

are recruited from Guatemala, Honduras, and Mexico and hired under the H2-B non-immigrant visa program, which permits employers to hire foreign workers to come to the United States and perform temporary non-agricultural services on a one-time, seasonal, peakload or intermittent basis when qualified U.S. workers are not available. 8 U.S.C. § 1101(a)(15)(H)(ii)(b). Employers of H-2B guestworkers are required to pay them an hourly prevailing wage rate, which is determined by the State Workforce Agency (SWA) having jurisdiction over the proposed area of intended employment. The workers allege the average wage rate at which Eller & Sons was certified to pay the H-2B workers was $8.32/hour, well above the $5.15/hour federal minimum wage rate.

The appellee-migrant workers were employed by Eller & Sons at various times from June 1999 through June 2005. On June 6, 2005, the workers filed suit on behalf of themselves and all others similarly situated against Eller & Sons and Jerry Eller, asserting claims under the AWPA and FLSA. They filed an Amended Complaint (Complaint) on February 7, 2006. In Count I of the Complaint, the workers alleged Eller & Sons violated the AWPA by (1) failing to reimburse travel, recruitment and visa processing expenses, (2) maintaining and providing false and inaccurate records of hours worked, (3) failing to pay them the applicable prevailing wage rate and overtime wages, (4) failing to provide them

3

with promised full-time employment, (5) knowingly providing them with false and misleading information regarding the terms and existence of employment, and (6) requiring a sub-class of workers to post collateral in the form of the deeds to their property to obtain employment. In Count II of their Complaint, the workers alleged Eller & Sons violated the FLSA by failing to pay them the applicable minimum wage of $5.15/hour and overtime wages for hours worked.

The workers initially moved for class certification of their AWPA claims on June 29, 2005. On July 27, 2005, they filed a motion for preliminary certification of a collective action for their claims under the FLSA. On October 18, 2005, the district court issued an order denying the motion for class certification of the AWPA claims without prejudice and instructing the parties to conduct additional discovery on issues pertaining to class certification. In the same order, the court granted preliminary certification of a collective action under 29 U.S.C. § 216(b) for the FLSA claims. According to the Appellants, opt-in notices for the FLSA collective action were sent to approximately 1,800 current and former employees of Eller & Sons. Only 30 of the potential class members, in addition to the 5 named plaintiffs, completed and returned their opt-in forms before the time period closed.

On January 31, 2006, the workers filed a renewed motion for class certification under Fed. R. Civ P. 23(b)(3) for the AWPA claims, seeking to represent a class consisting of "all those individuals admitted as H-2B temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b), who were employed in [Eller & Sons'] forestry operations from June 1999 until the present." They also proposed a sub-class of "all those individuals admitted as H-2B temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b), who were employed in [Eller & Sons'] forestry operations from January 1, 2003 until the present, who pledged collateral with [Eller & Sons'] agents in order to obtain employment with the [Eller & Sons]."

On September 28, 2006, the district court granted the motion to certify under Fed. R. Civ P. 23(b)(3). The court rejected the Appellants' argument that a 29 U.S.C. § 216(b) collective action would be a superior method of adjudicating the workers' AWPA claims, finding that a § 216(b) collective action would not adequately address the workers' AWPA claims. The district court also found the workers satisfied their burden to establish the existence of the Rule 23

prerequisites. The Appellants filed a timely appeal, asking us to determine whether the district court abused its discretion in granting class certification.[1]

## II. STANDARD OF REVIEW

"Questions concerning class certification are left to the sound discretion of the district court." *Cooper v. Southern Co.*, 390 F.3d 695, 711 (11th Cir. 2004). Accordingly, we review a district court's class certification order for abuse of discretion. *Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006).

## III. DISCUSSION

On appeal, the Appellants argue the district court abused its discretion in granting class certification. The Appellants claim this action is based on the FLSA and must therefore be adjudicated as an opt-in collective action under 29 U.S.C. § 216(b) instead of an opt-out Rule 23(b)(3) class action. Alternatively, the

---

[1] The same day it issued the class certification order, the district court issued a discovery order in which it held that the applicable statute of limitations for the AWPA claims is six years. The Appellants also argue on appeal the district court erred in establishing this statute of limitations. This issue is not properly before us, however. With limited exceptions, the federal courts of appeals have jurisdiction to hear appeals only "from . . . *final* decisions of the district courts of the United States." 28 U.S.C. § 1291 (emphasis added). Although Fed. R. Civ. P. 23(f) permits us to review "an order of a district court granting or denying class action certification," the district court's finding on the applicable statute of limitations was made in a separate discovery order. The jurisdiction granted by Rule 23(f) does not extend to this separate order. Further, the Appellants have not argued any other exception to our limited review of interlocutory orders. Thus, we do not have jurisdiction to consider the statute of limitations issue.

6

Appellants argue that even if a Rule 23 class action is not precluded by 29 U.S.C. § 216(b), the district court abused its discretion in certifying the class because the workers failed to prove the necessary prerequisites under Rule 23. We address the Appellants' arguments in Sections A. and B., respectively.

A. *Impact of 29 U.S.C. § 216(b)*

The Appellants maintain that the bulk of the purported AWPA claims are derived from alleged FLSA violations and must therefore be brought in a collective action. Section 216(b) of the FLSA provides that "[n]o employee shall be a party plaintiff to any action [for unpaid wages] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."[2] Thus, in an FLSA action, a party-plaintiff must opt into an action, whereas in a Rule 23(b)(3) class action, all qualifying class members become party-plaintiffs unless they opt out of the action. *See* Rule 23(c)(2)(B)

---

[2] *See also* 29 C.F.R. § 790.20. That regulation provides:

Section 16(b) of the Fair Labor Standards Act, as amended by section 5 of the Portal Act, no longer permits an employee or employees to designate an agent or representative (other than a member of the affected group) to maintain, an action for and in behalf of all employees similarly situated. Collective actions brought by an employee or employees (a real party in interest) for and in behalf of himself or themselves and other employees similarly situated may still be brought in accordance with the provisions of section 16(b). With respect to these actions, the amendment provides that no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

(explaining that "the court will exclude from the class any member who requests exclusion"). The Appellants contend this distinction is crucial because only 35 of 1,800 potential FLSA collective action plaintiffs opted into the action. The Appellants claim that if we allow the AWPA claims to proceed as a Rule 23(b)(3) class action, the class could potentially consist of 6,000 plus workers.[3]

We must first examine whether the workers' AWPA claims are truly FLSA claims in disguise, as the Appellants allege. The FLSA creates a private right of action for aggrieved employees to recover unpaid minimum wages and unpaid overtime wages. 29 U.S.C. § 216(b). A review of Count I of the Complaint shows that the workers asserted six AWPA claims, of which only two seek unpaid wages. Those claims assert that the Appellants violated the AWPA by (1) failing to pay them the proper prevailing wage rate and overtime wages for all work performed and (2) failing to reimburse them for expenses they incurred which were primarily for Eller & Sons' benefit, including travel and visa processing expenses. The workers separately pled FLSA claims under Count II of the Complaint. Those claims assert that the Appellants violated the FLSA by failing to pay them the

_____

[3] It is unclear how the Appellants came up with a total of 6,000 potential class members. The Complaint alleges the class is believed to include over 1,500 individuals.

applicable minimum wage rate of $5.15/hour and overtimes wages for all hours worked.

Although both the AWPA claims and FLSA claims seek unpaid wages, they are not identical. The workers are entitled to recover the prevailing wage rate under the AWPA and only the minimum wage rate under the FLSA. Thus, the workers' AWPA wage claims are not FLSA claims in disguise and may properly be brought in a Rule 23(b)(3) class action. Likewise, the workers' AWPA claims that do not seek unpaid wages–including claims based on the failure to make, keep and provide accurate work records, the failure to provide workers with promised full-time employment, knowingly providing them with false and misleading information regarding the terms and existence of employment, and wrongfully requiring them to post deeds to their land as collateral to obtain employment—cannot be asserted under the FLSA, and are also appropriate for an AWPA class action under Rule 23.

The statutory text of the AWPA supports our conclusion that the workers are entitled to bring their AWPA claims as a Rule 23 class action. Its private right of action provision provides that "if [a] complaint is certified as a class action, the court shall award no more than the lesser of up to $500 per plaintiff per violation, or up to $ 500,000 or other equitable relief." 29 U.S.C. § 1854(c)(1)(B). This

contemplates that an action based on violations of the AWPA may be certified as a class action. Moreover, where Congress intended an external statute to provide the exclusive remedy for conduct that violates the AWPA, it expressly said so and limited the AWPA accordingly. For example, section 1854(d) provides that "where a State workers' compensation law is applicable and coverage is provided for a migrant or seasonal agricultural worker, the workers' compensation benefits shall be the exclusive remedy for loss of such worker under this Chapter in the case of bodily injury or death in accordance with such State's workers' compensation law." 29 U.S.C. § 1854(d). If Congress intended § 216(b) to be the exclusive remedy for violations of the AWPA's wage payment provisions, it would have also said so. Accordingly, the district court did not err in finding the AWPA claims cognizable for class action treatment.

B. *Rule 23 Class Certification*

The Appellants argue that even if a Rule 23 action is not precluded by 29 U.S.C. § 216(b), the district court abused its discretion in granting class certification because the Rule 23 requirements were not met. A party seeking to maintain a class action bears the burden of demonstrating that class certification is proper. *Rutstein v. Avis Rent-A-Car Sys.*, 211 F.3d 1228, 1233 (11th Cir. 2000).

10

Here, the migrant workers sought to be certified as a Rule 23(b)(3) class action.

To be certified under Rule 23(b)(3), a party must first show the following:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *see also Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001). "These four requirements commonly are referred to as the prerequisites of numerosity, commonality, typicality, and adequacy of representation, and they are designed to limit class claims to those fairly encompassed by the named plaintiffs' individual claims." *Piazza*, 273 F.3d at 1346 (internal quotations omitted). Additionally, the party must show that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3); *see also Rutstein*, 211 F.3d at 1233. In making these determinations, a court is to consider the interest of class members in individually controlling separate actions, the extent and nature of litigation concerning the controversy already commenced, the desirability of maintaining the

11

litigation in the particular forum, and the difficulties to be encountered in the managing the class action.   Fed. R. Civ. P. 23(b)(3).

The Appellants argue the district court erred in granting class certification because (1) the Rule 23(a) prerequisites of numerosity and adequacy of representation did not exist, and (2) a class action is not the superior method for adjudication of the controversy.  As a preliminary matter, we note that the Appellants did not argue before the district court that numerosity was lacking. The Appellants have, therefore, waived that argument.  *See, e.g., Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 598 (11th Cir. 1995).  The Appellants did, however, challenge the adequacy of representation before the district court, and we therefore address that argument.

The Appellants argue the class representatives are not suitable because they invoked the Fifth Amendment during their depositions when asked if they worked for other employers in the United States.  The Appellants claim the negative inferences that can be drawn from the invocation of the Fifth Amendment make the named plaintiffs unsuitable class representatives.  In its order granting certification, the district court acknowledged this issue, but concluded it would revisit the issue after its relevance was resolved.  The court committed to continually examine the adequacy of representation of the class representatives.

Keeping in mind that "questions concerning class certification are left to the sound discretion of the district court," the district court's commitment convinces us that the district court will re-examine the issue throughout the proceedings and will assure class representation is adequate. *Cooper*, 390 F.3d at 711. Accordingly, at this stage in the proceedings, we conclude the court did not abuse its discretion in finding adequacy of representation.

Lastly, the Appellants argue a class action is not the superior method of adjudicating the workers' AWPA claims because a highly individualized assessment of the facts will be necessary to determine the amount of hours each employee worked compared to the amount recorded. We recognize this is a valid concern, but nonetheless conclude the district court did not abuse its discretion in granting class certification. We note that under the AWPA, aggrieved workers are entitled to recover either actual damages or statutory damages of up to $500 per plaintiff. 29 U.S.C. § 1854(c). While it is not clear from the complaint whether the workers seek actual or statutory damages, it is within the district court's discretion to award statutory damages where proof of actual damages is scarce. *See id.* The award of statutory damages would eliminate the need to determine individualized damages based on actual hours worked.

## IV. CONCLUSION

The district court did not abuse its discretion in certifying a Rule 23(b)(3) class to adjudicate the workers' AWPA claims. The Appellants failed to prove the AWPA claims were required to be brought as an FLSA collective action. Moreover, given the district court's commitment to continually monitor the appropriateness of a class action, the district court did not abuse its discretion in finding that the Rule 23 prerequisites were met. Accordingly, we affirm the district court's certification order.

**AFFIRMED.**