Adrian MARTINEZ, et al., Plaintiffs,

v.

Carlos MENDOZA and Perla Mendoza, Defendants.

No. 4:08–CV–21–AS–PRC.

United States District Court,
N.D. Indiana,
Hammond Division,
at Lafayette.

Feb. 2, 2009.

Jeffrey C. Boulden, Melody Goldbert, Indianapolis, IN, for Plaintiffs.

## ORDER

ALLEN SHARP, District Judge.

This matter is before the Court on a Motion to Prove Default Damages filed on August 15, 2008 by plaintiffs, Crystal Rivas, Sindy Salazar, Adrian Martinez, and Siria Rivas ("plaintiffs"). (Docket No. 26). The latter two plaintiffs brought this suit against the Defendants both individually, and on behalf of the following minors: A.R., and J.G.R. III.

On October 10, 2008, default judgment was entered against Defendants Carlos and Perla Mendoza ("the Mendozas") pursuant to Fed. R. Civ. Pro. 55(b)(2) due to the fact that the Mendozas failed to enter an appearance or respond to the plaintiffs' complaint in any way. (Docket No. 30). Plaintiffs now move this Court to enter an award of damages against the Mendozas for violations of the Migrant and Seasonal Agricultural Worker Protection Act ("the AWPA" or "the Act").

### I. Background

In support of their motion, plaintiffs represent numerous facts to the Court, out of which the following narrative emerges: On or about July 2006, plaintiffs traveled from Texas to Indiana for the purpose of performing agricultural work for the Mendozas. During their trip north, and for some time thereafter, plaintiffs were under the impression that they were working for the Mendozas. In fact, plaintiffs were working in fields owned by Remington Hybrid Seed Company, Inc., a defendant against whom this action was dismissed by stipulation of the parties on October 14, 2008. (Docket No. 29).

Nonetheless, plaintiffs allege that they were promised free transportation to Indiana by Carlos Mendoza and that he instructed each plaintiff as to where to meet the bus that would take them to their new job. Each plaintiff's deposition testimony concerning the trip from Texas to Indiana echoes that of plaintiff Adrian Martinez, who stated "The bus we migrants were transported to Indiana in was not safe. There were broken windows and the rain came in the bus through the broken windows. Also, the bus driver had us put all of the luggage in front of the emergency exits so they were blocked." (Docket No. 36–2 at 2). Additionally, plaintiff

Sindy Salazar, who traveled to Indiana with her two children stated, "Because the bus was so full, my two children had to sit on the floor of the bus the entire trip." (Docket No. 36–3 at 2).

Similarly, each plaintiff offers deposition testimony as to the "free accommodations" that were promised to each of them. Adrian Martinez states that he shared a room with three men to whom he was not related, and he slept on the floor. (Docket No, 36–2 at 2). Sindy Salazar stated that her two children "slept on the floor with blankets given to us by the migrant school," and that the four remaining women in the room shared two beds. (Docket No. 36–3 at 2). Plaintiff Siria Rivas, who has brought suit on behalf of herself and her two minor children, was housed with her two children and her daughter, plaintiff Crystal Rivas. She states that the hotel room "smelled bad and the carpet was humid," that there was no stove, as she had been promised, and that Carlos Mendoza told her that there had been a flood in the room a few weeks prior to their arrival. (Docket No. 36–4 at 2).

Additionally, when plaintiffs were paid by defendant Perla Mendoza, they claim that they were not given the $7.00 per hour that they had been promised by defendant Carlos Mendoza. For example Adrian Martinez, Siria Rivas, and Crystal Rivas each stated, ". . . they promised me I'd be paid by the hour when in reality, I was sometimes paid by the acre." (Docket No. 36–2 at 2; 36–4 at 2; 36–5 at 2). Plaintiff Sindy Salazar, who was pregnant at the time, realized after she arrived in Indiana that she could not work in the fields due to the risk the chemicals used in the fields posed to her pregnancy. Despite prior reassurances from Carlos Mendoza that it would be safe for her to work in the fields, she was assigned to babysit the children of other migrant workers, a task she performed "approximately eleven (11) hours a day, seven days a week," and for which she was not fully compensated. (Docket No. 36–3 at 3).

Based upon the foregoing, plaintiffs brought suit under the AWPA and now request statutory damages under the Act.

## II. Discussion

The AWPA was adopted by Congress in 1983, replacing an earlier statute known as the Federal Farm Labor Contractor Registration Act ("the FLCRA"). The two statutes were virtually identical, with the latter seeking to redress weaknesses in the implementation of the former.

The legislative purpose behind the AWPA was to improve conditions for migrant agricultural laborers who, Congress found, had "long been among the most exploited groups in the American labor force." S.Rep. No. 93–1295, reprinted in 1974 U.S.C.C.A.N. 6441, 6441–43. Thus, the AWPA provides a variety of protections for migrant workers, including the regulation of their housing and transportation, and requirements for written disclosures of working conditions. Some of the provisions of the AWPA-such as the requirement that all farm contractors be licenced by the Secretary of Agriculture—are quite technical in nature. See 29 U.S.C. § 1811(a). Other provisions—such as regulation of housing conditions-directly affect the working and living conditions of migrant workers. See 29 U.S.C. § 1823(a). Regardless of the type of violation, the AWPA provides migrant workers with a private right of action for each violation of the Act. 29 U.S.C. § 1854.

Moreover, since the AWPA is designed to be remedial in nature, courts may shape remedies that go beyond actual damages. See, e.g., Cardenas v. Benter Farms, 2000 WL 1372848, 2000 U.S. Dist. LEXIS 13670 (S.D.Ind. Sept. 19, 2000) (citing Charles v. Burton, 169 F.3d 1322,

1334 (11th Cir.1999) ("since the AWPA is a remedial statute, we must construe it broadly.")); *Calderon v. Witvoet*, 764 F.Supp. 536, 544 (C.D.Ill.1991) ("Like Title VII, the AWPA is a remedial statute that allows the court to shape a remedy which may or may not include backpay or other money damages."). Indeed, the AWPA provides for statutory damages of up to $500.00 per plaintiff per violation for willful violations of the Act. 29 U.S.C.A. § 1854. In awarding damages under the AWPA, courts are generally given much discretion. *See, e.g., De Leon–Granados v. Eller and Sons Trees, Inc.*, 497 F.3d 1214, 1221 (11th Cir.2007) ("[i]t is within the district court's discretion to award statutory damages where proof of actual damages is scarce."); *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1332 (5th Cir. 1985) ("A district court has discretion to fix the amount of the award.").

■ In this case Plaintiffs allege numerous violations of the AWPA. Specifically, each of the four plaintiffs who have reached the age of majority allege that the defendants violated the AWPA by: (1) failing to obtain a certificate of registration from the Secretary of Agriculture before engaging in farm labor contracting activities, 29 U.S.C. § 1811(a); (2) failing to post in a conspicuous place a poster setting forth the rights and protections afforded to workers under the AWPA, 29 U.S.C. § 1821(b); (3) failing to post or present each worker with a statement of the terms and conditions for occupancy of the housing, 29 U.S.C. § 1821(c); (4) failing to make, keep and preserve pay records as required by 29 U.S.C. § 1821(d)(1); (5) failing to provide each worker with pay statements as required by 29 U.S.C. § 1821(d)(2); (6) failing to remit to Remington Hybrid Seed Company, Inc. copies of records in violation of 29 U.S.C. § 1821(e); (7) providing false or misleading information concerning the terms and conditions of employment, 29 U.S.C.

§ 1821(f); (8) failing to pay the wages owed when due, 29 U.S.C. § 1822(a); (9) failing to comply with the terms of the working arrangement, 29 U.S.C. § 1822(c); and (10) failing to make available to plaintiffs at their place of employment a statement of the terms and conditions of their employment, 29 U.S.C. § 1843.

Additionally, each plaintiff, including the two minor children, allege that defendants violated the AWPA by: (1) failing to ensure that the housing provided to plaintiffs complied with the applicable federal and state safety and health standards, 29 U.S.C. § 1823(a); (2) housing plaintiffs without first securing the necessary certification, 29 U.S.C. § 1823(b)(1); and (3) failing to ensure that the vehicles used to transport plaintiffs complied with state and federal health and safety requirements, 29 U.S.C. § 1841(b).

Further, plaintiff Adrian Martinez alleges that defendants violated the AWPA by requiring him to pay for his transportation in violation of the working agreement; and plaintiff Siria Rivas alleges that defendants asked her to recruit other workers without a license, 29 U.S.C. § 1811(b). Finally, plaintiffs Siria Rivas and Crystal Rivas allege that defendants violated the AWPA by failing to provide them with written disclosures at the time of recruitment, 29 U.S.C. § 1821(a).

Plaintiffs do not attempt to prove actual damages for any of the aforementioned violations and, instead, request that this Court order statutory damages in the maximum amount of $500.00 per plaintiff, per violation. Plaintiffs' brief is the only document before this Court due to the fact that defendants have failed to enter an appearance in this case. Thus, given the circumstances of this case and the enormous amount of discretion vested in this Court to assess damages under the AWPA, a review of similar cases is necessary.

Although Seventh Circuit authority on the issue of damages under the AWPA is scant, the Seventh Circuit has ruled upon violations of this same provision under the AWPA's predecessor, the Farm Labor Contractor Registration Act ("the FLCRA" or "the Act"). In *Alvarez v. Joan of Arc, Inc,* for example, the Court of Appeals upheld the district court's grant of $100 per plaintiff for failing to register in violation of the FLCRA. *Alvarez v. Joan of Arc, Inc,* 658 F.2d 1217, 1223–24 (7th Cir.1981). These statutory damages, absent actual damages, resulted in a total award of $30,000.00. *Id.* at 1224. The Court of Appeals, echoing the district court's judgment that the failure to register under the FLCRA was merely a "harmless technical violation," affirmed the award despite the fact that it was below the statutory maximum of $500.00 a piece. *Id.*

Two years later, the Seventh Circuit revisited the issue of adequacy of damages under the FLCRA in *De La Fuente v. Stokely–Van Camp, Inc.,* in which it upheld the district court's award of $100.00 per plaintiff for a number of technical violations of the FLCRA, including the failure to post a written statement of the terms and conditions of employment, and $90.00 per plaintiff for the failure to give the workers clearance orders in Spanish, which resulted in docked wages for those who failed to comply with the clearance orders.[1] *De La Fuente v. Stokely–Van Camp, Inc.,* 713 F.2d 225, 239–40 (7th Cir. 1983). Citing the "difficulty of quantifying the monetary impact of these violations" and the importance of enforcing "strict compliance" with the Act, the Court of Appeals upheld the award, stating that the district court's grant of damages "reflected an intent to impose consequences for the violations which would fully serve the purposes" of the Act. *Id.*

Though the Seventh Circuit has revisited the AWPA in subsequent cases, including *Reyes v. Remington Hybrid Seed Co., Inc.,* that case had to do with the propriety of liability, rather than the amount of damages. *Reyes v. Remington Hybrid Seed Co., Inc.,* 495 F.3d 403, 405 (7th Cir.2007). It is, however, worth note that the *Reyes* opinion reveals that the district court held a recruiter (who was in a position similar to that of the Martinezes and who, like the Martinezes, defaulted), liable for over $100,000.00 in damages under the AWPA. *Id.* However, that amount was not appealed, and the Seventh Circuit decision expresses no opinion as to the appropriateness of those damages. *Id.*

Other courts of appeals have dealt with the issue of damages under the AWPA. Most notably, the Fifth Circuit outlined a loose guideline to assist district courts in determining the appropriate amount of damages, holding that courts can consider the following: (1) the nature and persistence of the violations; (2) the extent of the defendant's culpability; (3) the substantive or technical nature of the violations; (4) damage awards in similar cases; (5) the defendant's ability to prevent future violations of the act; and (6) the circumstances of each case. *Beliz,* 765 F.2d at 1332.

In this case, plaintiffs have alleged numerous violations of the AWPA, ranging from technical violations to those that directly and adversely affected the plaintiffs.

---

1. Because *De La Fuente* was a class action case, the precise total of the judgment against the defendant is not known for certain. However the district court estimated that the average number of workers was 380, which would result in total damages of $38,000 per season for technical violations of the FLCRA and $34,200 for failure to provide clearance orders, for a total judgment of $72,200 per season. *De La Fuente v. Stokely–Van Camp, Inc.,* 514 F.Supp. 68, 80 (C.D.Ill.1981).

Having considered the factors set forth in *Beliz*, as well as applicable Seventh Circuit precedent, this Court awards damages as follows:

*Defendant Carlos Mendoza:*

for violations of 29 U.S.C. § 1811(a) owes:

| | |
|---|---|
| to plaintiff Adrian Martinez in the amount of | $ 100.00 |
| to plaintiff Sindy Salazar in the amount of | $ 100.00 |
| to plaintiff Siria Rivas in the amount of | $ 100.00 |
| to plaintiff Crystal Rivas in the amount of | $ 100.00 |
| Total | $ 400.00 |

*Defendants Carlos and Perla Mendoza, jointly and severally:*

for violations of 29 U.S.C. § 1821(b) owe:

| | |
|---|---|
| to plaintiff Adrian Martinez in the amount of | $ 100.00 |
| to plaintiff Sindy Salazar in the amount of | $ 100.00 |
| to plaintiff Siria Rivas in the amount of | $ 100.00 |
| to plaintiff Crystal Rivas in the amount of | $ 100.00 |

for violations of 29 U.S.C. § 1821(c) owe:

| | |
|---|---|
| to plaintiff Adrian Martinez in the amount of | $ 100.00 |
| to plaintiff Sindy Salazar in the amount of | $ 100.00 |
| to plaintiff Siria Rivas in the amount of | $ 100.00 |
| to plaintiff Crystal Rivas in the amount of | $ 100.00 |

for violations of 29 U.S.C. § 1821(d)(1) owe:

| | |
|---|---|
| to plaintiff Adrian Martinez in the amount of | $ 500.00 |
| to plaintiff Sindy Salazar in the amount of | $ 500.00 |
| to plaintiff Siria Rivas in the amount of | $ 500.00 |
| to plaintiff Crystal Rivas in the amount of | $ 500.00 |

for violations of 29 U.S.C. § 1821(d)(2) owe:

| | |
|---|---|
| to plaintiff Adrian Martinez in the amount of | $ 500.00 |
| to plaintiff Sindy Salazar in the amount of | $ 500.00 |
| to plaintiff Siria Rivas in the amount of | $ 500.00 |
| to plaintiff Crystal Rivas in the amount of | $ 500.00 |

for violations of 29 U.S.C. § 1821(e) owe:

| | |
|---|---|
| to plaintiff Adrian Martinez in the amount of | $ 100.00 |
| to plaintiff Sindy Salazar in the amount of | $ 100.00 |
| to plaintiff Siria Rivas in the amount of | $ 100.00 |
| to plaintiff Crystal Rivas in the amount of | $ 100.00 |

for violations of 29 U.S.C. § 1821(f) owe:

| | |
|---|---|
| to plaintiff Adrian Martinez in the amount of | $ 500.00 |
| to plaintiff Sindy Salazar in the amount of | $ 500.00 |
| to plaintiff Siria Rivas in the amount of | $ 500.00 |
| to plaintiff Crystal Rivas in the amount of | $ 500.00 |

for violations of 29 U.S.C. § 1822(a) owe:

| | |
|---|---|
| to plaintiff Adrian Martinez in the amount of | $ 500.00 |
| to plaintiff Sindy Salazar in the amount of | $ 500.00 |
| to plaintiff Siria Rivas in the amount of | $ 500.00 |
| to plaintiff Crystal Rivas in the amount of | $ 500.00 |

for violations of 29 U.S.C. § 1822(c) owe:

| | |
|---|---|
| to plaintiff Adrian Martinez in the amount of | $ 100.00 |
| to plaintiff Sindy Salazar in the amount of | $ 100.00 |
| to plaintiff Siria Rivas in the amount of | $ 100.00 |
| to plaintiff Crystal Rivas in the amount of | $ 100.00 |

for violations of 29 U.S.C. § 1843 owe:

| | |
|---|---|
| to plaintiff Adrian Martinez in the amount of | $ 100.00 |
| to plaintiff Sindy Salazar in the amount of | $ 100.00 |
| to plaintiff Siria Rivas in the amount of | $ 100.00 |
| to plaintiff Crystal Rivas in the amount of | $ 100.00 |

for violations of 29 U.S.C. § 1823(a) owe:

| | |
|---|---|
| to plaintiff Adrian Martinez in the amount of | $ 500.00 |
| to plaintiff Sindy Salazar in the amount of | $ 500.00 |

| | | |
|---|---|---|
| to plaintiff Siria Rivas in the amount of | $ | 500.00 |
| to plaintiff Crystal Rivas in the amount of | $ | 500.00 |
| to plaintiff A.R. in the amount of | $ | 500.00 |
| to plaintiff J.G.R. III in the amount of | $ | 500.00 |

for violations of 29 U.S.C. § 1823(b)(1) owe:

| | | |
|---|---|---|
| to plaintiff Adrian Martinez in the amount of | $ | 100.00 |
| to plaintiff Sindy Salazar in the amount of | $ | 100.00 |
| to plaintiff Siria Rivas in the amount of | $ | 100.00 |
| to plaintiff Crystal Rivas in the amount of | $ | 100.00 |
| to plaintiff A.R. in the amount of | $ | 100.00 |
| to plaintiff J.G.R. III in the amount of | $ | 100.00 |

for violations of 29 U.S.C. § 1841(b) owe:

| | | |
|---|---|---|
| to plaintiff Adrian Martinez in the amount of | $ | 500.00 |
| to plaintiff Sindy Salazar in the amount of | $ | 500.00 |
| to plaintiff Siria Rivas in the amount of | $ | 500.00 |
| to plaintiff Crystal Rivas in the amount of | $ | 500.00 |
| to plaintiff A.R. in the amount of | $ | 500.00 |
| to plaintiff J.G.R. III in the amount of | $ | 500.00 |

for violation of the working arrangement entered into with Adrian Martinez owe:

| | | |
|---|---|---|
| to plaintiff Adrian Martinez in the amount of | $ | 50.00 |

for violation of 29 U.S.C. § 1811(b) owe:

| | | |
|---|---|---|
| to plaintiff Siria Rivas in the amount of | $ | 100.00 |

for violations of 29 U.S.C. § 1821(a) owe:

| | | |
|---|---|---|
| to plaintiff Siria Rivas in the amount of | $ | 100.00 |
| to plaintiff Crystal Rivas in the amount of | $ | 100.00 |
| TOTAL | | $16,950.00 |

This case is now considered closed.

**SO ORDERED.**